**IN THE COURT OF APPEALS OF IOWA**

No. 17-1958
Filed February 7, 2018

**IN THE INTEREST OF D.D. and J.D.,**
**Minor Children,**

**C.D., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A mother appeals the juvenile court order terminating her parental relationship with her eight-year-old son and five-year-old daughter. **AFFIRMED**.

Ellen R. Ramsey-Kacena, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Judith Jennings Hoover, of Hoover Law Office P.C., Cedar Rapids, guardian ad litem for minor children.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

At the time of the hearing on termination of parental rights, eight-year-old D.D. and five-year-old J.D. had been removed from their mother Christina's care for seventeen months and had been impacted by their mother's substance abuse since their births. Nevertheless, Christina asked the juvenile court for additional time to work toward reunification. The juvenile court declined the mother's request, concluding adoption was the best permanent placement for these children. Because our review of the record leads us to the same conclusion, we affirm the order terminating parental rights.[1]

Since she was a teenager, Christina has struggled with addiction, abusing methamphetamine, prescription opiates, heroin, and cocaine. Her addiction compromised her parenting. Both D.D. and J.D. tested positive for cocaine when they were born. D.D. spent almost a year in foster care as an infant. Christina completed two stints in residential treatment but relapsed after each release.

The instant case started in May 2016 when the children were removed by the Iowa Department of Human Services (DHS) from Christina's care because she was living with several known methamphetamine users and was personally abusing methamphetamine, heroin, and cocaine. In September 2016, Christina

---

[1] We review termination-of-parental-rights proceedings de novo, which means examining both the facts and law and adjudicating anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We are not bound by the juvenile court's factual findings, but we give them weight, especially when witness credibility is critical to the outcome. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). The State must offer clear and convincing proof, which means we see no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)).

obtained a court-ordered psychological evaluation; the psychologist diagnosed her with anxiety, depression, stimulant-use disorder, opioid-use disorder, and unspecified personality disorder. The psychologist opined that without treatment Christina was "unlikely to be able to maintain a drug-free emotionally stable life." But Christina did not engage in the drug treatment as recommended. She also was evicted from public housing because of criminal activity.

During the fifteen months following the children's removal, Christina failed to comply with drug testing because she was still using methamphetamine. In August 2017, she nearly died after taking a "cocktail" consisting of heroin, cocaine, and benzodiazepines. She received attention in the emergency room after the overdose and then moved to her third residential treatment program. After a month of treatment, her discharge form indicated she was in "the contemplation state of change." A week after her discharge, Christina relapsed on methamphetamine, which she failed to report at her DHS family team meeting.

Also in August 2017, the State filed a petition to terminate Christina's parental rights to D.D. and J.D.[2] In October 2017, the juvenile court held a hearing on the State's petition. At the hearing, Christine acknowledged she was not ready to resume care of D.D. and J.D.; instead she asked the juvenile court "to give [her] a little more time to prove [herself]." The juvenile court was blunt yet eloquent in its refusal:

> Christina asks the Court today to allow her additional time for family reunification. She believes that in ten weeks she will be able to safely resume care of her children. Christina acknowledges that the Court granted additional time for family reunification in May of

---

[2] The State also petitioned to terminate the parental rights of the children's fathers. The juvenile court ordered the fathers' rights terminated. They are not parties to this appeal.

2017, and that until her overdose in August she took no steps to regain custody of her children. She shows little insight as to how the multiple years of services provided to her and the multiple substance abuse treatment programs and plans in place over those years without sustained sobriety overshadows her unsupported promises today.

The juvenile court issued an order terminating Christina's parental rights under Iowa Code section 232.116(1)(f)[3] and (l) (2017).[4] Christina now contests that order.

The first step in our analysis is to decide if the State proved a ground for termination under section 232.116(1). Because Christina challenges the State's proof under paragraph (l) but not paragraph (f), we affirm on the unchallenged ground. *See In re P.L.,* 778 N.W.2d 33, 40 (Iowa 2010).

The second step is to decide if the termination of Christina's parental rights serves the best interests of D.D. and J.D. *See id.* The statutory best-interests

---

[3] The court finds that all of the following have occurred:
  (1) The child is four years of age or older.
  (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
  (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
  (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[4] The court finds that all of the following have occurred:
  (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96 and custody has been transferred from the child's parents for placement pursuant to section 232.102.
  (2) The parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts.
  (3) There is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home.

provision requires us to give primary consideration to the children's safety, to the best placement for furthering their long-term nurturing and growth, and to their physical, mental, and emotional condition and needs. Iowa Code § 232.116(2). The third step is to decide if any factors in section 232.116(3) weigh against termination. *P.L.*, 778 N.W.2d at 41. Section 232.116(3)(c) allows the court to refrain from terminating parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

Christina argues termination is not in the children's best interests and identifies their strong bond with her as cause for not going forward with the termination of her parental rights. She asserts the children have difficulty separating from her after visits and are upset when visits are cancelled. But Christina also acknowledges the children have a strong bond with their foster family, and it has been difficult for the children to deal with so much certainty in their lives for the seventeen months leading up to the termination hearing. When we give primary consideration to the children's safety, we cannot approve a return to Christina's care. The record reveals she has not successfully addressed her substance-abuse issues. Because Christina cannot provide them with a safe or stable environment, termination serves the children's best interests. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (explaining "an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children").

Christina primarily contends she should be given more time to pursue reunification. Under section 232.104(2)(b), the court may defer permanency only if it determines the need for removal "will no longer exist at the end of the additional

six-month period." The record does not support any further delay in moving D.D. and J.D. toward adoption.

Christina blames her inability to obtain timely substance-abuse treatment on a shortage of available beds rather than a lack of personal effort. But her suggestion of a systemic failure overlooks the years she has subjected her children to the danger and heartbreak of an addicted parent. Nothing in the record suggests Christina will be able to fix in six months what she has been wrestling with her entire adult life. *See In re A.A.G.*, 708 N.W.2d 85, 93 (Iowa Ct. App. 2005) (considering uncertainty regarding parent's sobriety). We cannot indulge Christina's unsubstantiated hope that someday she could become a fit parent. *See P.L.*, 778 N.W.2d at 41. The juvenile court describes D.D. and J.D. as "personable" and "adoptable." Like that court, we conclude adoption is the preferable permanency option for these children.

**AFFIRMED.**